UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DEREK RODGERS,          § | |
|     Plaintiff,          § | |
| § | |
| v.          § | CIVIL ACTION No. 5:19-cv-00620 |
| § | |
| UNITED SERVICES AUTOMOBILE          § | |
| ASSOCIATION also known as "USAA",          § | |
|     Defendant.          § | |

## ORIGINAL COMPLAINT[1]

DEREK RODGERS, plaintiff in the above-styled action, files this suit complaining of violations of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*. Plaintiff Rodgers seeks monetary and declaratory relief for injuries caused by Defendant United Services Automobile Association ("USAA").

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331.

2. Defendant's actions and the events giving rise to Plaintiff's claims occurred in San Antonio, Texas. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff DEREK RODGERS is a resident of Bexar County, Texas.

4. Defendant USAA is a reciprocal inter-insurance exchange duly formed and existing under the laws of the State of Texas. Its principal office is at 9800 Fredericksburg Rd., San Antonio, Texas 78288.

---

[1] Plaintiff Rodgers has initiated the arbitration process but he is filing this action for protective reasons. The law is unsettled whether the institution of arbitration proceedings tolls a legal claim's statute of limitations. *See Fonseca v. USG Ins. Servs.*, No. 4:10-CV-884-Y, 2011 U.S. Dist. LEXIS 161899, at *4-7 (N.D.Tex. 2011) (holding that the plaintiff's arbitration demand did not toll the applicable statute of limitations and relying heavily on the Fifth Circuit's decision in *United States ex rel. Portland Construction Company v. Weiss Pollution Control Corporation*, 532 F.2d 1009 (5th Cir. 1976)).

**STATEMENT OF FACTS**

5. On March 13, 2001, Defendant USAA employed Plaintiff Rodgers as a purchasing agent. Defendant later promoted Rodgers to Lead Supplier Governance Advisor and then eventually to Lead Vender Relationship Manager.

6. On August 26, 2016, Rodgers applied for leave under the Family Medical Leave Act ("FMLA") to assist and care for his mother, a cancer survivor. Rodgers began taking FMLA intermittent leave beginning on September 14, 2016.

7. Notwithstanding that Defendant approved Rodgers' FMLA leave, Rodgers' supervisor, Teresa Mays, denied Rodgers the opportunity to accompany his mother to her doctor's appointment on September 24, 2016.

8. In late September 2016, Rodgers' mother's condition worsened.

9. Mays objected to Rodgers' approved FMLA absences. On September 30, 2016, Mays verbally warned Rodgers about "communication" issues most probably because he was not sharing his mother's condition.

10. On October 10, 2016, Rodgers went on continuous FMLA leave. Because of Mays' harassing and retaliatory conduct, Rodgers sought the assistance of Erin Redmond, Defendant's Human Resources representative.

11. On October 31, 2016, Rodgers' mother passed away. Rodgers continued on his FMLA leave until November 11, 2016 so that he could be with his father.

12. Because of Mays' retaliatory conduct, Rodgers made a request to USAA's Dispute Resolution Program called "Dialogue" for assistance with his differences with Mays. Dialogue is Defendant's process for resolving employment disagreements and difficult situations at work.

13. On December 1, 2016, shortly after Rodgers returned to work, Redmon, Defendant's HR representative, advised Rodgers that he needed to share his family situation with leadership, presumably because his failure to discuss his mother's illness was a source of tension with Mays.

14. Other than Mays' verbal warning on September 23, 2016, USAA never disciplined Rodgers or otherwise warned him that his job performance was deficient.

15. Seven months after Rodgers returned from his FMLA, USAA terminated Rodgers' employment. On June 16, 2017, Mays and Redmond called Rodgers into a meeting and informed him that he was being terminated for a "recurring issue with time entry."

16. This was the first time Rodgers learned that his time entries were a problem. During Rogers' 16-year tenure with Defendant, USAA had never disciplined or warned Rodgers, much less about a "recurring issue with time entry." Although Defendant has a progressive disciplinary process, Defendant did not utilize such process in addressing Rodgers' alleged job performance deficiencies.

### FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 ET SEQ.

17. The Family and Medical Leave Act contains two distinct provisions: (1) an entitlement clause and (2) an anti-discrimination clause. See 29 U.S.C. §§ 2612 and 2615. The entitlement clause provides a series of entitlements which give certain rights to employees such as the right to have their job back once they return from a qualified leave. The FMLA also prevents an employer from retaliating against an employee for taking FMLA leave. *See* 29 U.S.C. § 2615(a) and 29 U.S.C. § 2615(b). Defendants are in willful violation of the FMLA. Defendants violated 29 U.S.C. § 2615(a)(2).

18.     Rodgers availed himself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between Rodgers' protected activity and USAA's decision to terminate Rodgers. Rodgers's exercise of his rights under the FMLA is a motivating factor in USAA's decision to terminate Rodgers, and as such is a cause of his damages.

19.     As a result of USAA's unlawful conduct, Rodgers has suffered severe economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

20.     Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Rodgers further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation he lost as described in paragraph 19.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that:

(1)     The Court assume jurisdiction over this action;

(2)     The Court Declare that Defendant violated Plaintiff's rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.* and that he is entitled to relief under the FMLA;

(3)     The Court order that Defendant pay Plaintiff such amounts due for back wages, future income, interest on back and front pay, and lost benefits in the past and in the future;

(4)     The Court order that USAA reinstate Plaintiff, or, in the alternative, front pay;

(5)     The Court order that Defendant pay an equal amount in liquidated damages;

(6)     The Court order that Defendant pay costs of court, attorney fees and expenses;

(7)     The Court award Plaintiff pre- and post-judgment interest at the highest rates

5

allowed, and,

      (8)    The Court Order such other and further relief, at law or in equity, to which Plaintiff may justly be entitled.

Respectfully submitted,

By: \_/s/ Javier N. Maldonado_____
    Javier Maldonado
    Texas State Bar No. 00794216

Law Office of Javier N. Maldonado, P.C.
8918 Tesoro Dr., Ste. 575
San Antonio, Texas 78217
(210) 277-1603 Tel.
(210) 587-4001 Fax
jmaldonado.law@gmail.com